# DOMINIC F. AMOROSA

ATTORNEY-AT-LAW
244 FIFTH AVENUE, SUITE A246
NEW YORK, NEW YORK 10001

212 406 7000

Email: lawoffices@dfamorosa.com

December 11, 2018

Hon. Paul G. Gardephe
United States District Judge
Foley Square
New York, New York 10007

Re: **United States v. Borker, 17 CR 391 (PGG)**

Dear Judge Gardephe:

This letter is respectfully submitted in response to the Government's letter of December 10th in respect to sentencing issue.   In respect to sentencing issues, the Defendant relies upon the evidence adduced at the Fatico hearing.  Specifically, he relies upon the information presented to the Court in my letter of June 25, 2018 relating to the hearing.  This included Mr. Voller's testimony that following Mr. Borker's arrest in May 2017, Mr. Voller did not believe that Mr. Borker had engaged in criminal conduct at Opticsfast.  This belief was confirmed in a taped conversation between Mr. Borker and Mr. Voller a few days after Mr. Borker was incarcerated on June 5, 2017.  In this conversation, Mr. Borker stated, among other things, "I didn't do anything wrong", to which Mr. Voller responded, "I understand that but that's not … no one did anything wrong.  That's why it's bothering me."   Mr Voller stated that when he said this, he believed it to be true.

Mr. Voller testified that it was only "later" that he realized he had been involved in a fraud.  This, not surprisingly, occurred while he was attempting to make a deal

with the Government.  Of course, if one is involved in fraud, which requires a specific intent to injure and harm another to acquire money by false statements, one knows in real time that one is involved in wrongdoing.   One does not discover such an intent "later".

The Government has repeatedly attempted to exaggerate the facts of this case.  It is noteworthy that in all of its submissions the Government has never adequately addressed Mr. Voller's testimony about what he and Mr. Borker intended in real time.

Mr. Borker's preoccupation with Mr. Voller's conduct while operating other businesses, along with Mr. Borker's insistence that Mr. Voller stole from him, does not diminish the controlling fact that Mr. Voller has testified that he believed in real time that Mr. Borker was not in a wider fraud in respect to Opticsfast.


Respectfully submitted,


_____/s/_____
Dominic F. Amorosa