# DOMINIC F. AMOROSA

**ATTORNEY AT LAW
244 FIFTH AVENUE, SUITE A246
NEW YORK, NEW YORK 10001**

**212 406 7000**

**Email: lawoffices@dfamorosa.com**

January 23, 2019


Hon. Paul G. Gardephe
United States District Judge
Foley Square
New York, New York 10007


Re: **United States v. Borker,** 17 CR 391 (PGG)


Dear Judge Gardephe:


This letter is respectfully submitted as a motion for an order vacating the Court's detention order, entered August 1, 2017, which was entered on Defendant's own application, and re-instating the bail originally imposed in this case by the Magistrate Judge on May 25, 2017. This motion is being made because Defendant will complete on February 28, 2019 the two-year sentence imposed upon him by Judge Sullivan for a violation of his supervised release on his earlier case. He will therefore be eligible for bail on the case here on February 28, 2019.

Defendant was arrested on the original complaint containing the charges here on May 25, 2017. When he appeared before the Magistrate Judge on that day the

1

prosecutor sought a detention order. The Magistrate Judge rejected the prosecutor's application and set bail. The bail conditions were: $150,000 PRB, secured by $5000 in cash and three sureties on the bond, travel restrictions, pretrial supervision, and a special condition that Defendant could not use a computer without PTS supervision. Defendant met these conditions and was released.

On June 5, 2017, while on bail on this case, Defendant appeared before Judge Sullivan on a charge that he had violated the conditions of his supervised release on his 2010 case. The violations were premised upon the same charges made in the Complaint filed on May 25, 2017, in addition to the charge that Defendant made false statements to his Probation Officer while on Supervised Release. Judge Sullivan denied Defendant's application for bail and entered a detention order on these charges and Defendant was remanded.

On August 1, 2017, at a status conference in the case here, Defendant, then in custody on Judge Sullivan's detention order, requested that this Court vacate the bail previously set on May 25, 2017 by the Magistrate Judge, and enter a detention order without prejudice to Defendant's ability to move to re-instate bail in the event Defendant was released on the matter before Judge Sullivan. This court granted this application and entered such a detention order, specifically stating that it was without prejudice to renewing a bail application in the future assuming Defendant made bail in the case before Judge Sullivan.

Defendant never made bail on the case before Judge Sullivan. After he was found guilty of the violations, Defendant was sentenced by Judge Sullivan to two years' incarceration and one additional year of supervised release. As noted earlier, this sentence will be fully served on February 28, 2019. However, because of the detention order entered by this Court on August 1, 2017, a detainer should be placed against Defendant preventing his release.[1]

Defendant pleaded guilty to the Indictment in this case on March 20, 2018. On May 23 and May 31, 2018, a Fatico hearing was conducted by the Court on disputed Guideline issues. No decision has been rendered on these issues. Nor has a date for sentencing been scheduled.

---

[1] Defendant currently does not have a detainer holding him in custody when his two-year sentence is fully served. Defendant believes this Court's order of detention was not conveyed to the BOP and, therefore, he is scheduled to be released on February 28th. However, Defendant knows, of course, of the order of detention and fully abides by it, as this application makes clear.

2

It remains Defendant's position, as argued in my filed letters to the Court of May 7, 2018 and June 25, 2018, that the Adjusted Guideline in this case is 6. As Defendant's Criminal History Category is III, a sentence of 2-6 months is suggested by the Guidelines. Alternatively, these letters also support a downward departure from the Guidelines. To repeat one of the important points made: Judge Sullivan already punished Defendant for the same conduct involved in the case here, and it was a severe punishment indeed.

The appropriate standard for bail is whether Defendant is a flight risk or a danger to the community or to himself. Given the fact that the Magistrate Judge expressly found that Defendant was not such a risk on May 25, 2107, and was therefore admitted to bail, and there is little difference in Defendant's statue since that time on these issues, the Magistrate Judge's findings should be adhered to. Also, given the Guidelines, there is no reason whatsoever for Defendant to flee.

The case here is very different from the 2010 case in which Defendant was detained by Judge Sullivan on June 5, 2017 on the charge that he violated the conditions of his supervised release. In the earlier case, Defendant had made threats of violence against customers. These threats occurred nearly a decade ago and there has never been an allegation that any such conduct occurred in the case before this Court. And on the issue of fraud itself, the Government's own witness at the Fatico hearing, Michael Voller, testified that he did not know in real time that he and Defendant were committing fraud in the operation of Opticsfast. This testimony is inconsistent with the allegation of systematic, intentional fraud argued by the Government. At the very least this testimony, which the Government has not contradicted, mitigates the severity of Defendant's offense.

The PTS officer can supervise Defendant very closely to make certain he abides by the conditions of his bail.

Defendant therefore requests that the Court re-instate the bail originally set by the Magistrate Judge on May 25, 2017.

Respectfully submitted,


_____/s_____
Dominic F. Amorosa